# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: E.W.**

**No. 14-1183** (Mercer County 14-JA-22)

**FILED**

May 18, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother, by counsel Gerald R. Linkous, appeals the Circuit Court of Mercer County's October 28, 2014, order terminating her parental rights to E.W. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel William P. Jones, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), William O. Huffman, filed a response on behalf of the child supporting the circuit court's order. On appeal, petitioner alleges that the circuit court erred in terminating her parental rights instead of imposing a less restrictive dispositional alternative.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In February of 2014, the DHHR filed an abuse and neglect petition alleging that the parents abused one-year-old E.W. According to the petition, petitioner abused various drugs, engaged in criminal activity, and did not properly provide for the child, including a failure to properly care for the child's needs. The abuse and neglect proceeding was initiated after petitioner yielded positive drug screens provided pursuant to a family court proceeding involving the same parties. Petitioner tested positive for benzodiazepines and opiates. The family court granted temporary legal guardianship of E.W. to the child's paternal grandmother and transferred the matter to circuit court in January of 2014.

In April of 2014, the circuit court held an adjudicatory hearing, during which petitioner stipulated to neglect based upon her drug abuse. The circuit court noted that since the petition's filing, petitioner tested positive for drugs during multiple screens and also refused other screens. As such, the circuit court found petitioner in contempt for her failure to comply with its drug screening requirement. However, the circuit court granted petitioner a post-adjudicatory improvement period that required, among other things, she complete an inpatient substance abuse treatment program, obtain her GED and a driver's license, and address her outstanding medical issues.

In October of 2014, the circuit court held a dispositional hearing, during which both the guardian and the DHHR moved to terminate petitioner's parental rights. During the hearing, a

1

DHHR worker testified that petitioner failed to obtain housing or employment, and was not compliant with drug screening. In fact, testimony established that petitioner attempted to falsify a urine sample for screening. Further, petitioner missed multiple visitations with the child and others were described as "tumultuous," with petitioner appearing under the influence at one visitation. According to the DHHR worker, petitioner had not made any recent efforts to comply with the terms or conditions of the family case plan. A Mercer Day Report Center employee testified that of petitioner's twenty-two drug screens, only three did not test positive for drugs. Petitioner tested positive for multiple drugs, including Valium, Ativan, cocaine, morphine, Suboxine, Klonopin, Hydrocodone, and Oxycodone. During her testimony, petitioner admitted to recent drug use and voluntarily missing visitations with the child. She further testified that she failed to address her outstanding medical issues, to enroll in inpatient drug treatment, and to obtain her GED. Ultimately, the circuit court terminated petitioner's parental rights. Petitioner appeals from the dispositional order.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the circuit court terminating petitioner's parental rights. Petitioner's sole argument on this issue is that because the child remained in a legal guardianship established in family court, the circuit court erred in failing to impose a dispositional alternative less restrictive than termination of her parental rights. The Court, however, does not agree.

The Court finds that the circuit court properly terminated petitioner's parental rights upon a finding that she could not substantially correct the conditions of abuse and neglect. Pursuant to West Virginia Code § 49-6-5(b)(1), a situation in which there is no reasonable likelihood that the conditions of abuse or neglect can be substantially corrected includes one in which

[t]he abusing parent . . . [has] habitually abused or [is] addicted to alcohol, controlled substances or drugs, to the extent that proper parenting skills have been seriously impaired and such person . . . [has] not responded to or followed through the recommended and appropriate treatment which could have improved the capacity for adequate parental functioning.

2

The circuit court specifically made this finding in regard to petitioner, based upon the evidence above related to her non-compliance with the terms of her improvement period and her failure to correct the conditions of abuse and neglect as evidenced by her ongoing drug abuse.

Contrary to petitioner's argument that a less restrictive dispositional alternative existed, namely leaving the child in a legal guardianship with the paternal grandmother, the circuit court had no option but to terminate petitioner's parental rights. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon findings that there is no reasonable likelihood the conditions of abuse and neglect can be substantially corrected and when necessary for the child's welfare. Further, we have held as follows:

> "Termination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, W. Va.Code [§] 49–6–5 . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under W. Va.Code [§] 49–6–5(b) . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W.Va. 558, 712 S.E.2d 55 (2011). While petitioner argues that she placed the child into the legal guardianship, the Court finds that this argument is disingenuous. The record clearly shows the family court proceeding that resulted in the legal guardianship was initiated upon petitioner's attempt to regain custody of the child from the paternal grandmother. However, due to petitioner's positive drug screens, the family court granted temporary legal guardianship to the grandmother and transferred the matter to the circuit court to initiate the abuse and neglect proceedings. As such, it is clear that termination of petitioner's parental rights was necessary to ensure the child's best interests of security, stability, and permanence. Because the circuit court properly found that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect, termination of her parental rights was not error.

For the foregoing reasons, we find no error in the decision of the circuit court and its October 28, 2014, order is hereby affirmed.

Affirmed.

**ISSUED**: May 18, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

3